IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> WASHINGTON HOSPITAL CENTER CORPORATION d/b/a MEDSTAR WASHINGTON HOSPITAL CENTER and MEDSTAR HEALTH, INC., </br></br> Defendants. | Civil Action No. 18-2160 (RMC) |

## CONSENT DECREE

This action was instituted by the U.S. Equal Employment Opportunity Commission against Defendants Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center and MedStar Health, Inc. alleging that Defendants violated the Americans with Disabilities Act ("ADA") by discriminating against Melissa Boyd on the basis of disability and retaliated against her because she engaged in protected activity.

EEOC and Defendants enter into this Decree to compromise disputed claims and resolve this action and all claims asserted in the Complaint and to promote and effectuate the purposes of the ADA. Defendants deny that they violated the ADA, and their agreement to the terms of this Decree should not be construed as an admission that they violated the law.

1.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for the purpose of the action, entry of this Decree, and all proceedings related to the Decree. The Court, having examined the terms and provisions of the Decree, further finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and the ADA. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. This Decree constitutes full discharge and satisfaction of all claims against Defendants that were alleged in the Complaint filed in this action by EEOC.

2. EEOC and Defendants shall bear their own attorneys' fees and costs incurred in connection with this action.

3. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## DEFINITIONS

4. "Commission" and "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

5. "Defendants" refers, both individually and collectively, to Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center ("MWHC") and MedStar Health, Inc. ("MedStar Health").

## GEOGRAPHIC SCOPE AND DURATION OF DECREE

6. This Decree shall apply to all hospitals and other facilities owned or operated, in whole or in part, by MWHC. This Decree shall apply also to MedStar Health to the extent that

personnel employed by MedStar Health, Inc. provide occupational health, human resources, employee and labor relations, or recruiting services to MWHC or to any hospitals and other facilities owned or operated, in whole or in part, by MWHC.

7.     Unless otherwise indicated herein, this Decree shall become effective on the date of its entry by the Court and shall remain in effect until its expiration date, which shall be two (2) years after the date of its entry by the Court.

## NON-DISCRIMINATION AND RETALIATION

8.     Defendants shall not discriminate against an individual because of disability and shall comply with all provisions of the ADA, as amended.

9.     Defendants shall not retaliate against an individual because he or she engages in protected activity, as defined by the ADA and applicable law.

## MONETARY RELIEF

10.     Within ten (10) days of (a) entry of this Decree and (b) Defendants' counsel's receipt of an IRS Form W-4 and an IRS Form W-9 executed by Melissa Boyd, Defendants shall pay to Melissa Boyd a total sum of one hundred and fifty thousand dollars ($150,000.00) in monetary relief, which represents $100,000.00 in compensatory damages and $50,000.00 for back pay, both of which Defendants are paying Boyd solely pursuant to the ADA which provides for the recovery of such relief.

11.     The payments made to Boyd pursuant to this Decree shall not be considered by Defendants or their workers' compensation third party administrator as a credit on past or future workers' compensation benefits received by or payable to Ms. Boyd. The payments made pursuant to this Decree shall not in any way affect Boyd's eligibility for or entitlement to relief, payment, reimbursement, or other benefit of any kind that may be available to her under any worker's

compensation law, rule, or regulation, nor shall such payments be taken into consideration by any adjudicator, fact-finder, or other person in connection with any workers' compensation matter. Defendants agree that they will not seek or accept any credit, set-off, or other benefit or reduction for the payments made pursuant to this Decree in connection with any form of relief, payment, reimbursement, or other benefit of any kind that has been sought by Boyd in connection with worker's compensation law, rule, or regulation, or which may be sought in the future by Boyd or anyone else on her behalf, including her children, survivors, representatives, or assigns. The provisions of this Paragraph and Defendants' promise not to seek or accept any credit, set-off, benefit, or reduction described above are permanent and shall survive the two-year period of monitoring referenced elsewhere in this Decree.

12.   Within five (5) days of the execution of this Decree, EEOC shall provide Defendants with Ms. Boyd's current address. For the tax year during which monetary relief is paid pursuant to this Decree, Defendants will timely issue to Ms. Boyd an appropriate IRS form W-2 for the monetary relief identified as back pay and an appropriate IRS form 1099 for the monetary relief identified as compensatory damages. Defendants shall send a photocopy of the checks and related correspondence provided to Ms. Boyd pursuant to Paragraph 10 to Senior Trial Attorney Jessi Isenhart at EEOC's Cleveland Field Office.

### POSTING

13.   Within five (5) business days of entry of this Decree, Defendants shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each hospital and other facility covered by this Decree where employee notices are posted, specifically in the MWHC Human Resources Office and MWHC cafeteria. The Notice shall remain posted in all such facilities for two (2) years from the date of entry of this Decree. Each shall be typed legibly using

font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendants shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law. In the event that any of the aforementioned notices becomes defaced, marred, or otherwise made unreadable, Defendants shall immediately post a readable copy thereof. Defendants shall certify to the EEOC in writing within ten (10) business days after entry of this Decree that the notices required by this Paragraph have been properly posted. Defendants shall permit a representative of the EEOC to enter their facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## **EEO POLICIES AND PROCEDURES**

14.     Defendants shall maintain a policy that explains, defines, and prohibits disability discrimination, including but not limited to failure to provide reasonable accommodations. This policy shall be drafted in plain and simple language. Defendants shall ensure that their policy against disability discrimination meets the following minimum criteria:

   a.     Explains federal prohibitions on disability discrimination under the ADA, including (i) prohibitions on failing to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee and (ii) prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the need of Defendants to make reasonable accommodations to the physical or mental impairments of the employee or applicant;

  b. Explains that reasonable accommodation may include reassignment to a vacant position without competition;

  c. States that Defendants: (i) prohibit discrimination against employees on the basis of disability, including by failing to provide reasonable accommodations and by denying employment opportunities based on the need to make reasonable accommodations, in violation of the ADA; and (ii) prohibit retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation whether internal or external, of a charge or claim of discrimination under the ADA.

15. Defendants shall post a copy of Defendants' policy against disability discrimination onto their intranet site, where it shall be accessible to all employees, within thirty (30) days after entry of this Decree. Thereafter, a copy of Defendants' policy against disability discrimination shall remain posted on Defendants' intranet site throughout the duration of this Decree. Defendants shall distribute a hard copy of the policy against disability discrimination to each subsequently hired temporary or permanent employee of MWHC, and to each subsequently hired temporary and permanent employee of MedStar who is covered by this Decree pursuant to Paragraph 6 above, within seven (7) days after hire.

## DOCUMENTATION AND RECORD RETENTION REQUIREMENTS

16. For each applicant or employee of MWHC who requests an accommodation of any mental or physical impairment, or whom MWHC otherwise become aware needs accommodation of any mental or physical impairment, during the term of this Decree, MWHC shall compile a list which shall contain the following:

  a. the full name, home address, home telephone number and cell phone number (if available), department, and job title of the person requesting or otherwise known to be in need of an accommodation;

6

    b.    a description of each accommodation requested, proposed, or identified by or on behalf of the applicant or employee;

    c.    the date each accommodation is requested, proposed, or identified by or on behalf of the applicant or employee;

    d.    a description of MWHC's response regarding each accommodation requested, proposed, or identified by or on behalf of the applicant or employee;

    e.    a description of any accommodations proposed by MWHC in response to any accommodation requested, proposed, or identified by or on behalf of the applicant or employee;

    f.    the date of MWHC's response regarding each accommodation requested, proposed, or identified by or on behalf of the applicant or employee;

    g.    the date of any accommodation(s) proposed by MWHC in response to any accommodation requested, proposed, or identified by or on behalf of the applicant or employee;

    h.    if MWHC denies an accommodation requested, proposed, or identified by or on behalf of the applicant or employee, a description of each reason for the denial.

MWHC shall also retain with the list any other documents created or obtained in relation to the request or need for accommodation, including but not limited to notes, summaries, electronic communications, and medical documentation. Defendants shall retain all of the aforementioned records for the duration of this Decree.

17.    For the duration of this Decree, Defendants shall retain all documents related to the request or known need for accommodation.

### SUBMISSION OF REPORTS AND NOTICES TO EEOC

18.    Defendants, through their counsel, shall submit to the Commission a copy of the list described above in Paragraph 16. Defendants' submission to the Commission, through their counsel, must be sent to the Commission's Cleveland Field Office, to the attention of Senior Trial Attorney Jessi Isenhart, every ninety (90) days, beginning ninety (90) days after the entry of this Decree. Defendants' submission must be accompanied by copies of the records reflecting the

applicant's or employee's request for accommodation and MWHC's response to the applicant's or employee's request for accommodation.

## EEO TRAINING

19. Defendants shall provide—to all personnel employed by either Defendant who provide occupational health, human resources, employee and labor relations, or recruiting services to MWHC or to any other hospital or other facility covered by this Decree—not less than four (4) hours of live training regarding discrimination made unlawful by the ADA, with special emphasis on reasonable accommodation and the interactive process to identify reasonable accommodations, federal prohibitions on denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability based on the need of Defendants to make reasonable accommodations to the physical or mental impairments of the employee or applicant, company policies prohibiting discrimination, the penalties for engaging in such conduct, the content and requirements of this Decree, and other germane topics. This training shall be provided within six months of entry of this Decree, and within ninety (90) days of the first day of work for all new occupational health, human resources, employee and labor relations, and recruiting personnel hired after the completion of the initial live four hours of training. Within the first 12 months after the completion of the live four (4) hours of training, Defendants shall require the same personnel to complete an online training module regarding discrimination made unlawful by the ADA, which shall cover each of the areas of special emphasis identified above for the live training.

20. The training described in Paragraph 19 may be provided by alternative methods (e.g., by video or other recorded means) for persons who are unable to attend a live training session.

21. The live training sessions described in Paragraph 19 shall be provided by a third-

party trainer to whom EEOC agrees and whom Defendants shall retain at Defendants' own expense.

22.    Within thirty (30) days after the completion of the initial four (4) hours of live training described in Paragraph 19, Defendants shall submit to EEOC counsel of record a list of the names, job titles, and work locations of the attendees of such training with copies of any and all written materials provided to attendees.  For all training sessions completed after the initial four (4) hours of live training described in Paragraph 19, Defendants shall submit to EEOC counsel of record a list of the names, job titles, and work locations of the attendees of such training sessions with copies of any and all written materials provided to attendees (to the extent not already provided to the EEOC) at the same times Defendants submit the list and records identified in Paragraph 18.

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

23.    Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such action.  Before seeking Court intervention, the Commission will notify Defendants through their counsel of the alleged compliance matters that have arisen and will attempt to resolve the matter without Court intervention.  The Commission will not seek Court intervention without first providing 30 days' written notice to Defendants of the alleged compliance matters and the opportunity to cure such matters and/or advise the Commission why such compliance matters are not a violation of this Decree.

24.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Columbia.

25.    The Commission, its agents and employees shall in their discretion have the legal

authority to enter any facility owned or operated by Defendants, with reasonable prior notice to Defendants and their counsel, and conduct an on-site inspection, employing any or all methods or procedures available to the Commission for enforcement of this Decree, to ensure compliance with the ADA and any of the terms of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendants to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of Defendants that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 (Title VII), the Equal Pay Act (EPA), the Age Discrimination in Employment Act (ADEA), Titles I or V of the ADA, the Genetic Information Nondiscrimination Act of 2008 (GINA), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## **MISCELLANEOUS**

26. The terms of this Decree shall be binding upon Defendants, all successors and assigns of Defendants, and all present and future parents or subsidiaries of MWHC. Defendants, and any successor/s of Defendants, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

27. This Decree constitutes the entire agreement and commitments of the parties. Any

modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendants and EEOC and approved by the Court.

28. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

29. When this Decree requires a certification by Defendants of any fact/s, such certification shall be made under oath or penalty of perjury by one or more officers or management employees of Defendants.

30. When this Decree requires the submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Jessi Isenhart, Senior Trial Attorney, Equal Employment Opportunity Commission, 1240 East 9th Street, Suite 3001, Cleveland, Ohio 44199.

**IT IS AGREED:**

**UNITED STATES
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Debra M. Lawnrence
DEBRA M. LAWRENCE
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office

Dated: March 9, 2020

**WASHINGTON HOSPITAL CENTER
CORPORATION**

Paul Hagens
Vice President, Human Resources

Dated: 3/12/20

**MEDSTAR HEALTH, INC.**

Kit McDonald
Vice President, HR Operations

Dated: 3/13/20

<div style="columns:2">

/s/ Kate Northrup
KATE NORTHRUP
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
kate.northrup@eeoc.gov

Dated: March 9, 2020

/s/ Jessi Isenhart
JESSI ISENHART
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Cleveland Field Office
1240 East 9th Street, Suite 3001
Cleveland, OH 44199
Telephone: 216-522-7676
Fax: 216-522-7430
jessi.isenhart@eeoc.gov

Dated: March 9, 2020

/s/ Emmett F. McGee, Jr.
EMMETT F. MCGEE, JR.
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Telephone: 410-415-2000
Fax: 410-415-2001
emmett.mcgee@jacksonlewis.com

Dated: March 11, 2020

/s/ Meredith F. Bergeson
MEREDITH F. BERGESON
JACKSON LEWIS P.C.
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Telephone: 703-483-8300
Fax: 703-483-8301
meredith.bergeson@jacksonlewis.com

Dated: March 11, 2020

</div>

**IT IS SO ORDERED:**

DATED: 3/16/20

_Ellen S Huvelle_
**HONORABLE JUDGE ELLEN S. HUVELLE**
**UNITED STATES DISTRICT JUDGE**

## NOTICE TO ALL EMPLOYEES

This Notice is posted pursuant to court order in the matter of *EEOC v. Washington Hospital Center d/b/a MedStar Washington Hospital Center Corporation and MedStar Health, Inc.*, Civil Action No. 1:18-cv-02160-RMC (U.S. District Court for the District of Columbia). In that lawsuit, the EEOC alleged that Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center and MedStar Health, Inc. (together, "MedStar") discriminated against Melissa Boyd because of her disability, when MedStar failed to provide her with reasonable accommodations of mental or physical impairments, denied her employment opportunities based on the need to provide her with reasonable accommodations, and retaliated against her for engaging in protected activity. MedStar denied these allegations. A court order was entered to resolve the case. It provides, among other things, that:

1)   MedStar will pay a total of $150,000.00 in monetary relief to Ms. Boyd;

2)   MedStar will not discriminate against employees because of disability, including failing to make reasonable accommodations and/or failing to consider reassignment as a potential reasonable accommodation when no reasonable accommodation is available for the associate's current position, and MedStar will not retaliate against any person for engaging in protected activity, as defined by the ADA and applicable law; and

3)   MedStar will provide information and/or training to employees regarding unlawful discrimination.

EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact EEOC and report that discrimination or retaliation.

You may reach the EEOC Senior Trial Attorney who handled this matter at jessi.isenhart@eeoc.gov, or you may reach EEOC at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

Paul Hagens, Vice President, Human Resources
WASHINGTON HOSPITAL CENTER
CORPORATION

Kit McDonald, Vice President, HR Operations
MEDSTAR HEALTH, INC.

**EXHIBIT A**